(C.D. 2768)

CARSON M. SIMON & CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 15, 1966)

*Allerton deC. Tompkins* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Upon importation from Switzerland through the port of Philadelphia, certain parking timers were classified by the collector of customs within the provisions of paragraph 367 of the Tariff Act of 1930, as modified by the Trade Agreement with Switzerland, 69 Treas. Dec. 74, T.D. 48093, and duty was assessed on the movements contained therein at the rate of 84 cents each, and on the cases therefor at the compound rate of 10 cents each and 25 per centum ad valorem. A copper tax pursuant to section 4541(3) of the Internal Revenue Code, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, at the rate of 0.32 cent per pound was also imposed but is not in issue herein.

In the protest, which was timely filed, plaintiff claims "Said merchandise is properly dutiable at 32½% plus 27½¢ each under Par. 368, or at 10½% under Par. 372." As to the alternative claim, since no further reference was made thereto at the proceedings or in the brief of plaintiff, said claim will be deemed to have been abandoned. With regard to the claim for classification within the provisions of paragraph 368(a) of the Tariff Act of 1930, it would appear that plaintiff is relying on the provision of said paragraph as modified by the supplementary Trade Agreement with Switzerland, 90 Treas. Dec. 174, T.D. 53832, for any mechanism, device, or instrument suitable for performing any operation or function at a predetermined time.

We set forth in full the pertinent provisions of the competing paragraphs of the tariff act.

Paragraph 367(a) of the Tariff Act of 1930:

Watch movements, and time-keeping, time measuring, or time-indicating mechanisms, devices, and instruments, whether or not designed

to be worn or carried on or about the person, all the foregoing, if less than one and seventy-seven one-hundredths inches wide, whether or not in cases, containers, or housings:

(1) * * * if more than one and two-tenths inches but not more than one and one-half inches wide, $1.40 each * * *

(2) in the case of any of the foregoing having no jewels or only one jewel, the above rates shall be reduced by 40 per centum.

Paragraph 367(f)(4) of the Tariff Act of 1930, as modified by the Trade Agreement with Switzerland, 69 Treas. Dec. 74, T.D. 48093:

All cases, containers, or housings, designed or suitable for the enclosure of any of the movements, mechanisms, devices, or instruments provided for in paragraph 367, whether or not containing such movements, mechanisms, devices, or instruments, and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:

(1) If made of gold or platinum * * *

\*     \*     \*     \*     \*     \*     \*

(4) If of base metal (and not containing gold, silver, or platinum) _____ 10¢ each and 25% ad val.

Paragraph 368(a) of the Tariff Act of 1930, as modified by the supplementary Trade Agreement with Switzerland, 90 Treas. Dec. 174, T.D. 53832:

Clock mechanisms, and any mechanism, device, or instrument intended or suitable * * * for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except * * * the articles enumerated or described in paragraph 367, Tariff Act of 1930; and not including any clocks, lever or other clock movements, time-keeping, time-measuring, or time-indicating mechanisms, devices, or instruments, or any mechanism, device, or instrument intended or suitable for measuring or indicating time); all the foregoing, whether or not in cases, containers, or housings:

\*     \*     \*     \*     \*     \*     \*

Other (except mechanisms, devices, or instruments intended or suitable for measuring the flowage of electricity, and except time switches), valued each—
Not over $1.10_____ 27½¢ each and 32½% ad val.

\*     \*     \*     \*     \*     \*     \*

When this case was called for hearing the parties hereto stipulated and agreed that the merchandise in question is represented by a sample parking timer received in evidence as exhibit 1; that the merchandise at bar is valued at not over $1.10 each; that it has a cylinder escapement; that it has no jewels; and that it is over 1.2 inches but not over

1.5 inches in width. Plaintiff's exhibit 2 was received in evidence to represent a parking timer which had been broken down to reveal its internal mechanism.

The physical exhibits in evidence disclose that the parking timer is a pear-shaped, plastic-encased object of overall outer dimensions of approximately 1½ by 2 inches, on the face of which is a round dial marked at 5-minute intervals and numbered at 15-minute intervals up to 120 minutes. The middle portion on the face of the dial is movable, and is the means by which the device is wound. When a parking timer is in use said middle portion or indicator, upon which an arrow is imposed, is turned clockwise to the desired dial setting. During any set period up to two hours the timer automatically unwinds, the arrow thereon indicating the passage of time, and at the end of the set period the device makes a buzzing sound.

Both parties to this controversy claim support for their opposing positions from the cases of *Morris Friedman* v. *United States*, 45 CCPA 99, C.A.D. 680, and *Herman D. Steel Co.* v. *United States*, 49 CCPA 30, C.A.D. 790. It might be observed at this point that the *Friedman* case was held to be *stare decisis* of the *Steel* case.

We are strongly influenced in deciding the instant case by the language and reasoning of the Court of Customs and Patent Appeals in the *Friedman* case, *supra*. In that case, the judgment of the trial court was affirmed in sustaining the action of the collector of customs in classifying a mechanism in the nature of a watch or clock movement but ordinarily used in connection with a time lock on the door of a bank vault or safe to be a device to perform a function at a predetermined time within the scope of paragraph 368 of the Tariff Act of 1930, as modified, which is the provision relied upon by plaintiff herein. Because of its particular relevance to the instant decision, we quote somewhat at length from the *Friedman* case, *supra*, as follows:

It seems clear, therefore, that Congress must have intended the "predetermined time (etc)" provision of paragraph 368 to embrace something different from that included in the provision for "time-keeping, time-measuring, or time-indicating" devices, while recognizing that the two provisions could, in certain cases, equally cover a given device (as evidenced by the exception to paragraph 368). The involved provisions must be interpreted with this in mind.

Consistent with this analysis, we are of the opinion that the minimum requirement for a time-keeping, measuring or indicating device is that it shall be capable, in normal use, of showing how much time has passed since or remains before some particular time or event.

There are various ways in which a single device may serve to keep, measure or indicate time and to perform some function at a predetermined time. Time-keeping, measuring or indicating may be the primary function of such a device, as in alarm clocks, or it may have varying lesser degrees of importance, as in clock-thermostats and de-

vices such as electric oven timers which serve primarily to do something after a predetermined time, but which also include a dial and a pointer to show how much of that time has passed or remains. It would seem that all the instruments above referred to could properly be considered to be time-keeping, measuring or indicating devices, since they are definitely designed to mark the passage of time and have at least one part which performs no other function.

Another group of devices, including, for example some electric toasters, are designed essentially for doing something at a set time, but have a movable part which is visible and by means of which it is possible to judge approximately how much time has passed. Whether such instruments are time-measuring devices is a closer question, which need not be decided here.

Finally, there are devices which perform a function at a predetermined time, but in which the operating parts are concealed so that the device would not normally convey any information as to the passage of time. The instant devices are of that character since, as testified by one of appellant's witnesses, "you would have to be locked in the vault once it was closed to see if it [the device] was wound up." * * *

We see a close analogy between the electric oven timers referred to in the above quotation and the parking timers at bar. Like the electric oven timers, the parking timers "serve primarily to do something after a predetermined time, but which also include a dial and a pointer to show how much of that time has passed or remains." And like the electric oven timers referred to, the parking timers may properly be considered to be time-keeping, measuring, or indicating devices "since they are definitely designed to mark the passage of time and have at least one part which performs no other function."

We grant that time lock mechanisms and not electric oven timers constituted the subject merchandise in the *Friedman* case, *supra*, and any reference to oven timers may, therefore, be considered *obiter dictum*. We, nevertheless, are in accord with the reasoning of the appellate court in said case in its construction of paragraph 368 and, adopting it as our own, we come to the conclusion that the parking timers at bar, being devices which indicate how much time has passed or remains and were definitely designed to mark the passage of time, are time-keeping, measuring, or indicating devices. Inasmuch as they are within the width dimensions specified in paragraph 367(a) of the Tariff Act of 1930, they are more specifically provided for therein and are properly subject to the classification and duty assessment determined by the collector of customs.

Another argument presented by plaintiff, but not raised until the time of briefing, is that the classification of the merchandise by the collector of customs in the instant case constituted a change of uniform administrative classification practice without the required notice set forth in section 315(d) of the Tariff Act of 1930, as amended by the

Customs Simplification Act of 1953, 88 Treas. Dec. 186, T.D. 53318. Inasmuch as this contention was not included within the protest claims, it can not be deemed to be before the court and may not be considered by it. *American Mail Line, Ltd.* v. *United States*, 34 CCPA 1, C.A.D. 335.

On the record here presented, we hold that the presumption of correctness attaching to the collector's classification of the merchandise at bar as time-keeping, measuring, or indicating devices, containing no jewels, over 1.2 but not over 1.5 inches in width, and cases therefor, pursuant to the provisions of paragraph 367 of the Tariff Act of 1930, or as modified, *supra*, has not been overcome. Therefore, all claims in the protest are overruled.

Judgment will be entered accordingly.